UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 04-00273 |
| STEPHEN SCHUKO | |

## MOTION TO RELEASE BAIL
## AND DISCHARGE MORTGAGE

Now comes the Defendant, Stephen Schuko, in the above-captioned matter and respectfully requests this Honorable Court order the clerk for the United States of America for the District of Massachusetts to release the funds posted as security for the appearance bond, and discharge the mortgage currently encumbering the property of Stacie A. LeBow-Schuko. In support, he states as follows:

(1) On November 22, 2004, Ms. LeBow-Schuko posted the sum of $10,000.00 as security for an appearance bond (See Exh. A);

(2) On November 29, 2004, Ms. LeBow-Schuko executed a mortgage in favor of the United States District Court, District of Massachusetts, in the amount of $100,000. (See Exh. B).

(3) Mr. Schuko was sentenced and taken into custody in the Western District of Texas on November 9, 2005.

Therefore, the defendant requests that the $10,000 security be returned and the mortgage be discharged.

Respectfully submitted,
By his attorney,

*Richard M. Egbert*
Richard M. Egbert, BBO: 151800
Law Offices of Richard M. Egbert
99 Summer Street, Suite 1800
Boston, MA 02110
(617) 737-8222

## CERTIFICATE OF SERVICE

I, Richard M. Egbert, hereby certify that I caused a true copy of the foregoing document to be served electronically upon all counsel of record and to the Clerk of the Criminal Court, United States Courthouse, 1 Courthouse Way, Boston, MA 02110, this 30th day of November, 2005.

*Richard M. Egbert*
Richard M. Egbert

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN SCHUKO | Criminal No. 04-00273 |

## DISCHARGE OF MORTGAGE

Sarah A. Thornton, Clerk of the United States District Court, District of Massachusetts, holder of a mortgage dated November 29, 2004 from Stacie A. LeBow-Schuko to the Clerk of the United States District Court, for the property known as One Janet Street, Norton, Massachusetts and recorded at the Bristol County Registry of Deeds at Book 11963, Pages 6-7, acknowledges satisfaction of same.

_____
Sarah A. Thornton, Clerk

### COMMONWEALTH OF MASSACHUSETTS

Boston, Massachusetts                                    December ___, 2005

      Then personally appeared before me, the above-named Sarah A. Thornton, Clerk of the United States District Court, and acknowledged the foregoing to be her free act and deed.

_____
Notary Public
My Commission Expires: _____

A

Case 1:04-mj-00273-JLA    Document 41    Filed 12/05/2005    Page 4 of 17

# UNITED STATES DISTRICT COURT

District of _____MASSACHUSETTS_____

UNITED STATES OF AMERICA
V.

**APPEARANCE BOND**

_Stephen Schuko_
Defendant

Case _MJ04-M-273JLA_

Non-surety: I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ _____, and there has been deposited in the Registry of the Court the sum of
$ _100,000.00 ($0,000.00 Surety)_ in cash or _property at 1 Janet Street_ (describe other security.)
The conditions of this bond are that the defendant _Stephen Schuko_
(Name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _11-22-04_ at _Courtroom #24, 7th Floor, Boston, MA 02210_
                       Date                                            Place

Defendant _[signature]_                 Address _1 Janet Street, Norton, MA_
Surety _Maria Lobo-Schuko_              Address _1 Janet St. Norton, Ma 02766_
Surety _____                Address _____

Signed and acknowledged before me _11-22-04_
                                    Date

_[signature]_
Judge/Clerk

Approved _[signature]_

```
Mon Nov 22 13:13:10 2004

UNITED STATES DISTRICT COURT
BOSTON
                                , MA
Receipt No.     321 60295
Cashier         qarri

Tender Type  CASH

Transaction Type  C

Case No./Def No. 1:04-MG-0273  /  4
D0 Code     Div No
4630          1         Acct
                        604700
Amount
                        $ 10000.00
CASH BAIL DEPOSIT PAID BY STACIE LEBOW S
CHUKA 1 JANET ST
NORTON MA 02766
```

Case 1:04-mj-00273-JLA    Document 41    Filed 12/05/2005    Page 7 of 17

## MORTGAGE

THIS MORTGAGE is made this 29th day of November, 2004, between Stacie A. LeBow-Schuko, presently residing at One Janet Street, Norton (herein "Mortgagor(s)"), and the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Stephen Schuko (herein "Defendant"), in Criminal No. MJ04-M273, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of One Hundred Thousand Dollars ($100,000) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated November 22, 2004, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may not exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of Bristol, Commonwealth of Massachusetts, and more particularly described in the following deed:

    A deed from Stephen W. Schuko and Stacie A. LeBow-Schuko to Stacie A. LeBow-Schuko dated April 23, 2003 and recorded in the Bristol County Registry of Deeds at Book 11963, Pages 6-7;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.  That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2.  That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgage(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3.  That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4.  That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5.  That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a juridical officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of American in accordance with, and only upon, an order of the Court.
6.  That notice and demand or request may be made in writing and may be served in person or by mail.

7.  That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8.  That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9.  That the Mortgage(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property a the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

*[signature]*
Stacie A. LeBow-Schuko
Dated: 11/29/04

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss                              November 29, 2004

On this 29th day of November, 2004, before me personally appeared STACIE A. LEBOW-SCHUKO and proved to me through satisfactory evidence of identity (a Massachusetts driver's license) to be the person whose name is signed on the foregoing document and acknowledged to me that she signed it voluntarily for its stated purpose.

*[signature]*
Tracy S. Heath, Notary Public
My commission expires: 9/4/09

## ESCROW AGREEMENT

ESCROW AGREEMENT entered into this 29th day of November, 2004, among Stacie A. LeBow-Schuko (herein "Surety"), Michael J. Sullivan, in his official capacity as United States Attorney for the District of Massachusetts (herein "United States Attorney"), and Tony Anastas, in his official capacity as Clerk of the United States District Court for the District of Massachusetts (herein "Escrow Agent").

WHEREAS the Surety is desirous of effecting the release of Stephen Schuko (herein "Defendant") in Criminal No. MJ04-M273, on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated November 22, 2004, and entered by the Honorable Joyce London Alexander, United States District Judge/Magistrate Judge, and has agreed to execute a personal bond in the amount of One Hundred Thousand ($100,000.00) Dollars (herein "Personal Bond") to secure the Defendant's compliance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Surety shall execute a quitclaim deed to the parcel of real property located at One Janet Street, Norton, Massachusetts in favor of the United States of America, and deliver said deed to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Surety further agrees to execute any additional documents and take any action necessary to effectuate the transfer of said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

3. The Escrow Agent shall hold the quitclaim deed in escrow under the following terms and conditions:

    A. In the event that the Defendant fails to appear as required a tall proceedings in Criminal No. MJ04-M273 or otherwise violates any condition of bail, and Defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon order of the Court, and in lieu of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the quitclaim deed to the United States Attorney, and he shall cause the same to be immediately recorded without notice to the Surety. Any requirement that foreclosure proceedings be commenced upon any mortgage granted by the Surety in connection with Criminal No. MJ04-M273 is expressly waived by the Surety.

1

B.     This Agreement shall terminate upon the final disposition of Criminal No. MJ-04M273 and written discharge of the bond provided to the Surety by the United States of America. Upon such termination, and upon order of the Court, the Escrow Agent shall deliver the quitclaim deed to the Surety.

5.     The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

6.     This Escrow Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

IN WITNESS WHEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

ESCROW AGENT:                                            SURETY:

TONY ANASTAS, CLERK OF THE COURT

By: _____                            _____
    Deputy Clerk                                          Stacie A. LeBow-Schuko
                                                          Dated: 11/29/04

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____
    Asst. U.S. Attorney

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                              November 29, 2004

On this 29th day of November, 2004, before me personally appeared STACIE A. LEBOW-SCHUKO and proved to me through satisfactory evidence of identity (a Massachusetts driver's license) to be the person whose name is signed on the foregoing document and acknowledged to me that she signed it voluntarily for its stated purpose.

_____
Tracy S. Heath, Notary Public
My commission expires: 9/4/09

2

## QUITCLAIM DEED

I, Stacie A. LeBow-Schuko, of One Janet Street, Norton, Bristol County, Massachusetts, individually, for consideration of One Hundred Thousand Dollars ($100,000.00) grant to United States of America, with quitclaim covenants

A certain parcel of land in Norton, Bristol County, Massachusetts, situated on the northerly side of Janet Street, together with the buildings and improvements thereon, being shown as Lot 6 on a plan entitled "Janet Park" a subdivision in Norton, Mass. Scale "1"=40' Feb. 1973 RIM Eng. Co. Mansfield, Mass., which plan is recorded with Bristol County Northern District Registry of Deeds in Plan Book 139, Page 61, and to which reference may be had. Said Lot 6 being bounded and described as follows:

| | |
|---|---|
| SOUTHERLY | by Janet Street in three courses, 146.82 feet, 16.71 feet, and 13.50 feet, respectively; |
| WESTERLY | by Lot 7 as shown on said plan, 211.45 feet; |
| NORTHERLY | by land now or formerly of Kenneth B. Howland, Sr. and Nancy L. Howland, as shown on said plan, 122.80 feet; and |
| EASTERLY | by land now or formerly of Waldor Realty Corp. as shown on said plan, 191.54 feet. |

Said Lot 6 contains 30,027 square feet, more or less, according to said plan.

Said Lot 6 is conveyed together with the right to use streets and ways as shown on said plan for all purposes for which streets and ways are commonly used in the Town of Norton.

The premises are subject to and easement to New England Telephone and Telegraph Company dated September 13, 1973 and recorded with said Registry of Deeds in Book 1633, Page 1056.

For my title, see deed of STACIE A. LEBOW-SCHUKO dated April 23, 2003, and recorded with Bristol Registry of Deeds in Book 11963, pp. 6-7.

**RAINEN LAW OFFICE, P.C.**
ATTORNEYS AND COUNSELLORS AT LAW
TWO CENTER PLAZA, SUITE 520
BOSTON, MASSACHUSETTS 02108
☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
TELEPHONE (617) 367-8284
FAX (617) 367-9102
http://www.rainenlaw.com

EDWARD RAINEN                                                                      SHELLY B. RAINEN
erainen@aol.com                                                                    srainen@aol.com

November 24, 2004

Attorney Richard M. Egbert
99 Summer St.
Boston, Massachusetts, 02110

   Re: One Janet Street, Norton
      Our File No. 9168-A

Dear Attorney Egbert:

I have caused the title to the above-cited parcel of land to be examined at the Bristol County, Northern District Registry of Deeds from December 9, 1936 through the close of business on November 23, 2004. The Undersigned hereby certifies, based solely on an examination of said public record, that the Owners indicated below have a good, clear, and marketable fee simple title, of record, to said premises for the period of time in our examination, free from all encumbrances which would materially affect the title, subject to the matters indicated below. The title examination shows the following:

## OWNERS:

Stacie A. LeBow-Schuko, by deed of Stephen W. Schuko and Stacie A. LeBow-Schuko, husband and wife, as tenants by the entirety, recorded with said Registry of Deeds on April 24, 2003 in Book 11963, Page 6.
  Sheet 12


## DESCRIPTION:

  A certain parcel of land together with the buildings thereon, situated in Norton, Bristol County, Massachusetts, being shown as Lot Number 6 containing 30,027 square feet, more or less, on a plan entitled, "Plan of "Janet Park" a subdivision in Norton, Mass.," Scale: 1" 40', dated Feb. 1973, by RIM Eng. Co. Mansfield., Mass., recorded with Bristol County Northern District Registry of Deeds in Plan Book 139, Page 61.

  Sheet No. 12 (deed)

**SAID ESTATE SUBJECT TO:**

1. Mortgage from Stephen W. Schuko and Stacie A. LeBow-Shucko in favor of Greenpak Mortgage Corporation dated May 29, 1987 in the original principal amount of $150,000.00 and recorded with said Registry of Deeds in Book 11008, Page 62.
    Sheet 7

2. Declaration of Homestead by Stephen W. Schuko and Stacie A. LeBow-Shuko dated September 5, 1991 recorded with said Registry of Deeds in Book 4818, Page 102.
    Sheet 5

3. Easement to New England Telephone and Telegraph Company for location and maintenance of power lines dated September 13, 1973 and recorded with said Registry of Deeds in Book 1644, Page 1056.
    No copy

4. Right to use the streets and ways as shown on said plan in common with others entitled thereto for all purposes for which streets and ways are used in the Town of Norton, as set forth in deed dated May 11, 1984 and recorded with said Registry of Deeds in Book 2487, Page 74.
    No copy

This Certificate of Title is based upon a title examination covering a period of time of at least fifty (50) years with the earliest instrument a warranty or quitclaim deed which does not on its face suggest a defect in title, except as otherwise noted herein. The period of title search and this Certificate are based upon, and consistent with, the Title Standards promulgated by the Massachusetts Conveyancer's Association, now The Real Estate Bar Association for Massachusetts.

This Certificate of Title shall be limited in its use to the addressee, for the immediate transaction contemplated hereunder, and does not extend to any subsequent conveyance, mortgage or other transaction, and is intended to be a privileged communication from Counsel.

Please note: We have not run any of the Lienholders in the public records for assignments or discharges which may not be marginally referenced.

Very truly yours,

RAINEN LAW OFFICE, P.C.

By:_____
ER/er
encl.
Crt 9168-A



Case 1:04-mj-00273-JLA   Document 16-4   Filed 11/22/2004   Page 10 of 11

```
Commonwealth of Massachusetts         Fiscal Year  2005  1-0
COLLECTOR OF TAXES-Collector of Taxes  Bill Number       535
          Town of Norton               Parcel ID    12-   -9
             1st Notice
```

Property Description/Betterments and Liens: 1 JANET ST, Book 3437 Page 14, A .68, Land, Dwelling, Cls 101

Property Value 360,800; Residential Exemption 0; Taxable Value 360,800; Betterments .00; Committed Interest .00; Liens .00; Real Estate Tax 3,867.78; Total 3,867.78

1st Payment Payable Nov. 1, 2004: 1,933.89
2nd Payment Payable May 1, 2005: 1,933.89
Tax/Bet/Lns Balance: 1,933.89 / 1,933.89

SCHUKO STEPHEN W & LEWBOW-SCHU
1 JANET ST
NORTON MA 02766

Pay This Amount-> 1,933.89
Due and Payable-> 12/09/2004

11441005350000193389000000002004120920050100 4

### Message Area

STATE REQUIREMENTS REGARDING COMPLIANCE WITH MOTOR VEHICLE REGISTRATION LAWS:
You must register your vehicle in Massachusetts if you are a Massachusetts resident. The following criteria, although not exclusive, can be used by state and local agencies and the courts to determine residency. By law, you are considered a Massachusetts resident if you receive a local property tax exemption, file a state resident income tax return or receive a rental deduction, register to vote here, enroll your dependents in a local public school or pay resident tuition for them at a state college or university, receive public assistance from the state, declare that mortgaged or insured property located here is your principal residence, or obtain any employment, benefit or privilege by claiming Massachusetts residency. You may be fined up to $1,000 per year if you illegally register in another state, or misrepresent the principal place your vehicle is garaged in this state. You are also subject to assessment for unpaid taxes with penalties and interest.
*****PLEASE NOTE THAT YOU CAN NOW PAY YOUR BILL ONLINE AT WWW.MCC.NET*****

# GMAC Mortgage Account Statement

## GMAC Mortgage

### CUSTOMER INFORMATION

| | |
|---|---|
| Name: | STEPHEN W. SCHUKO |
| | STACIE A. LEBOW-SCHUKO |
| Account Number: | 0600413696 |
| Home Phone #: | (508)285-2505 |

### PROPERTY ADDRESS

1 JANET STREET
NORTON, MA 02766

STEPHEN W. SCHUKO
STACIE A. LEBOW-SCHUKO
1 JANET STREET
NORTON, MA 02766-2505

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse.

### Account Information

| | |
|---|---|
| Account Number | 0600413696 |
| Current Statement Date | November 01, 2004 |
| Maturity Date | October 01, 2017 |
| Interest Rate | 5.25000 |
| Current Principal Balance* | $135,514.66 |
| Current Escrow Balance | $3,113.68 |
| Interest Paid Year-to-Date | $6,073.70 |
| Taxes Paid Year-to-Date | $1,911.97 |

For questions on the servicing of your account, call 1-800-766-4622.

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $1,205.82 |
| Subsidy/Buydown | $0.00 |
| Escrow | $503.74 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | -$0.00 |
| Other | $0.00 |
| Total Amount Due | $1,709.5 |
| Account Due Date | December 01, 200 |

Customer Care Inquiries: 1-800-766-4622
Home Financing Needs: 1-800-753-4622

VISIT www.gmacmortgage.com

Account Activity Since Last Statement